STATE of Alaska, Petitioner,

v.

**Richard MARKGRAF, III, Respondent.**

No. S–6863.

Supreme Court of Alaska.

March 22, 1996.

James L. Hanley, Office of Special Prosecutions, for State.

Marcia Holland, Public Defender Agency, for respondent.

Before COMPTON, C.J., RABINOWITZ, J., and SHORTELL, J. Pro Tem.*

*ORDER NO. 32*

IT IS ORDERED:

1. The order issued on April 19, 1995, granting the petition for hearing as to Issue B is VACATED.

2. The petition for hearing is DISMISSED as improvidently granted. This case is closed.

MATTHEWS, J., with whom
EASTAUGH, J., joins, dissenting.

MATTHEWS, Justice, with whom
EASTAUGH, Justice, joins, dissenting.

I agree generally with the holding of *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1985), that errors made at the grand jury level can be rendered harmless by a petit jury verdict of guilty of the crime charged in the indictment. The primary function of a grand jury is to determine whether there is probable cause to believe a person is guilty of the crime of which he or she is accused. A guilty verdict by a petit jury is a determination that there is no reasonable doubt that the accused is guilty. This necessarily means that there is probable cause to believe the accused committed the crime.

I have one reservation concerning this rationale. The grand jury is not bound to indict an accused for a particular crime merely because there is probable cause. The grand jury may, in the exercise of its discretion, choose a lesser-included offense, or choose not to indict at all. *Vasquez v. Hillery,* 474 U.S. 254, 263, 106 S.Ct. 617, 623, 88 L.Ed.2d 598 (1985). Thus, while a petit jury conviction eliminates any question as to whether probable cause existed, it does not preclude the possibility that an untainted grand jury, as a discretionary matter, might have indicted for a lesser offense, or not indicted at all.

In recognition of this possibility, the appropriate remedy in this case is not a new trial, for Markgraf's was conducted without substantial error, but a new grand jury proceeding. If the new grand jury reindicts for the crime of which the defendant was convicted, the conviction can stand. If the new indictment is for a lesser-included crime, the conviction must be modified. If the new grand jury refuses to indict, the conviction must be vacated.

I offer one further observation. In *Mechanik* both the concurring opinion of Justice O'Connor (in which Justices Brennan and Blackmun joined) and the dissenting opinion of Justice Marshall observed that under federal practice concerning the disclosure of grand jury proceedings, most claims of grand jury error cannot be presented before the trial begins. *Id.* at 76, 80, 106 S.Ct. at 944, 946. Given the exigencies of trial there is a natural tendency for the trial court to reserve decision on such claims until after a verdict. Alaska procedures are different. Grand jury proceedings are recorded and the record of the proceedings and all exhibits are available to a defendant at an early pretrial stage. Criminal Rule 6(m). Thus a defendant has the opportunity to make a pretrial motion seeking indictment dismissal for errors committed in the grand jury process. Our trial courts regularly rule on such motions prior to trial. Where substantial error is found, the remedy is dismissal of the indictment. Further, when a pretrial motion to dismiss an indictment is denied by the trial court, the defendant may file a petition for review from the denial with the court of

---

* Sitting by assignment made under Article IV, Section 16 of the Alaska Constitution.

appeals. Appellate Rule 402. These remedies would not be affected by the rule that a conviction need not be overturned where a ruling is made after trial that substantial error was committed in the process of obtaining the indictment on which the conviction is based.

For these reasons I would reverse the decision of the court of appeals and direct that the case be remanded to the superior court for new grand jury proceedings.